United States District Court
Southern District of Texas
**ENTERED**
April 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT RIOS, SPN 01586189, § § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. H-23-00095 |
| § | |
| ED GONZALEZ, § § | |
| Respondent. § | |

## ORDER OF DISMISSAL

Petitioner Robert Rios (SPN 01586189) is a pre-trial detainee currently confined in the Harris County Jail. *See* Doc. No. 1. He has filed a petition for habeas corpus to challenge the amount of his bond. *Id.* After reviewing all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed without prejudice for reasons set forth below.

### I. BACKGROUND

According to the pleadings and public records, Rios is awaiting trial under a felony indictment for super aggravated sexual assault of a child.[1] He is being held on $300,000 bond and seeks a reduction of his bond amount. Doc. No. 1.

---

[1] *See State v. Rios*, Tr. Ct. No. 1750268 (337th Jud. Dist. Ct., Harris County, Texas, *filed* Dec. 8, 2021); *see also* Harris County Sheriff's Office website, located at Online Public District & County Criminal Records Inquiry—Harris County Texas Sheriff's Office (harriscountyso.org).

## II.  DISCUSSION

As a pre-trial detainee seeking a reduction in his bond amount through a federal writ of habeas corpus, Rios's petition is governed by 28 U.S.C. § 2241,[2] which authorizes review where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1126-27 (1973). Although Rios satisfies the first prerequisite by virtue of his confinement at the Harris County Jail, he does not satisfy the second prerequisite because it is apparent from the pleadings that he has not exhausted available state court remedies for his current charges before seeking relief in federal court.

A Texas pretrial detainee who has been denied bond may file a direct appeal with the Texas Court of Criminal Appeals. *See* TEX. CONST. Art. 1 § 11a(a). Likewise, a Texas pretrial detainee who complains about the amount of his bond may file an application for writ of habeas corpus to raise pre-conviction issues with the judge of the court in which he has been indicted. *See* TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court

---

[2] On January 13, 2023, the Clerk issued Rios a Notice of Deficient Pleading, instructing him to place his claims on a form for petitions under 29 U.S.C. § 2241, and to pay the filing fee within thirty days. *See* Doc. No. 3. To date, Rios has not complied with the Notice.

and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)).

There is no indication that Rios has appealed his bond challenge to the Texas Court of Criminal Appeals to exhaust available state court remedies. The Court concludes, therefore, that the pending federal habeas corpus petition must be dismissed without prejudice for failure to exhaust available state remedies in his ongoing state criminal case.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus is **DISMISSED** without prejudice.

2. Because reasonable jurists would not dispute whether the procedural ruling in this case was correct, a certificate of appealability is **DENIED**.

3. All other motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this _19th_ day of April 2023.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE